**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Carlos Encinas Pablo, et al.,<br><br>             Defendants. | No. CR-19-01678-TUC-JGZ (JR)<br><br>**ORDER** |

Pending before Court are several motions in limine filed by the United States and Defendants Carlos Encinas Pablo and Fernando Francisco. (Docs. 68, 69, 70, 74, 75, 87). The Court heard oral argument on the motions at the January 29, 2020 final pretrial conference. The Court now rules as follows.

**I. CONTESTED STATEMENTS IN STATEMENT OF CARLOS ENCINAS PABLO (Docs. 68, 87, 107[1])**

**A. Government's Proposed Redaction – p. 43, lines 15-21.**

The government seeks to redact p. 43, lines 15 – 21 as either hearsay as this is an out of-court statement by one defendant providing an exculpatory statement for his codefendant without the defendant having to testify. The defendants object and assert these statements are not hearsay and/or they should come in under the rule of completeness.

**Ruling:** The statement is inadmissible. Defendants fail to establish that the statements fall within a hearsay exception. *See United States v. Collicott*, 92 F.3d 973, 983

---
[1] After the final pretrial conference, the parties filed Objections to Government and Defendants' Proposed Joint Redactions (Doc. 107).

(9th Cir. 1996) (out of court statements not falling within an exception to the hearsay rule "are inadmissible regardless of Rule 106."). Moreover, the rule of completeness does not compel admission in the instant circumstances. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) ("if the complete statement [does] not serve to correct a misleading impression in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement."). Here, Defendant Encinas Pablo's statements were neither misleading nor taken out of context.

**B. Government's Proposed Redaction – p. 45, lines 11 – 21.**

The government seeks to redact p. 45, lines 11- 21 as self-serving hearsay. The defendants object and assert these statements are not hearsay and should be admitted and if hearsay, they should come in under the rule of completeness.

**Ruling:** The statement is inadmissible. Defendants fail to establish the statements fall within a hearsay exception. The Court finds the rule of completeness does not compel admission in the instant circumstances. *See Vallejos*, 742 F.3d at 905.

**C. Government's Proposed Redaction – p. 46, lines 17 - 21.**

The government seeks to redact p. 46, lines 17 – 21 as self-serving hearsay. The defendants object and assert that these statements are not hearsay and should be admitted and if hearsay, they should come in under the rule of completeness.

**Ruling:** The statements are inadmissible. Defendants fail to establish the statements fall within a hearsay exception. The Court finds the rule of completeness does not compel admission in the instant circumstances. *See Vallejos*, 742 F.3d at 905.

**D. Government's Proposed Redaction – p. 54, lines 1 – 9**.

The government seeks to redact p. 54, lines 1 – 9 as double hearsay, unreliable and self-serving hearsay that someone else admitted to the stabbing. The defendants object and assert that this is an inculpatory statement by Norris and as such is admissible as a statement against interest by an unavailable declarant.

**Ruling:** Defendant Encinas Pablo's statement about what Defendant Norris said is inadmissible. Although Norris's statement may fall within a hearsay exception, Defendant

Encinas Pablo's statement does not. *See United States v. Arteaga*, 117 F.3d 388, 396 n. 12 (9th Cir. 1997) ("In such 'double hearsay' situations, each statement must qualify under some exemption or exception to the hearsay rule.").

**E. Government's Proposed Redaction – p. 65, lines 7 – 9.**

The government seeks to redact p. 65, lines 7 – 9 as self-serving hearsay. The defendant objects to the redaction stating this statement is admissible under the rule of completeness.

**Ruling:** The statement is inadmissible. The rule of completeness does not compel admission in the instant circumstances. *See Vallejos*, 742 F.3d at 905.

**II. CONTESTED STATEMENTS IN STATEMENT OF FERNANDO FRANCISCO (Docs. 74, 87, 107.)**

**A. Government's Proposed Redaction – p. 23, lines 20 – 25.**

The government seeks to redact p. 23, lines 20 – 25 as hearsay and self-serving hearsay. The defendants object stating that this is not hearsay and assert the statements explain what happened that night and give a full picture of what happened.

**Ruling:** The statement is inadmissible. The statement is hearsay and the rule of completeness does not require admission. *See Vallejos*, 742 F.3d at 905.

**B. Government's Proposed Redaction – p. 24, lines 24 -25, and p. 25, line 1.**

The government seeks to redact at p. 24, lines 24 - 25 and p. 25, line 1 as self serving hearsay. The defendant objects and asserts that the redaction of this statement violates the rule of completeness.

**C. Government's Proposed Redaction – p. 25, lines 1 – 10.**

The government seeks to redact lines 1, 6 – 10 as self-serving hearsay. The government seeks to keep lines 2 -5 as a statement against interest. The defendant asserts that lines 1 – 10 are admissible, not hearsay and if hearsay, then the rule of completeness dictates that lines 1 - 10 should remain.

**Rulings:** The statements challenged in sections B and C are related. The statements on p. 24, lines 24 – 25 and p. 25, lines 1 and 6 – 10, are inadmissible self-serving hearsay.

However, if the Government elects to admit p. 25, lines 2 – 5, it must also admit the statements on p. 24, lines 24 – 25 and p. 25, lines 1 and 6 – 10, under the rule of completeness. *See Collicott,* 92 F.3d at 983 ("[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible.")

### D. Defendant's Proposed Redaction – p. 40, lines 19 – 23.

The defendant objects to the inclusion of lines 19 – 23 as it is a statement by the agent and is hearsay. The government asserts that this exchange is an adoptive admission by the defendant when he responds, "Jail, right?" as he is not objecting to the detective's statement and acknowledges his criminal liability. The defendant asserts that if this Court rules that this is an adoptive admission, it is too prejudicial to the defendant's interests to be admissible.

**Ruling:** The statement is inadmissible. The foundational facts are insufficient to support the finding of an adoptive admission. *See United States v. Monks*, 774 F.2d 945, 950 (9th Cir. 1985) (before admitting a third party's statement as an adoptive admission under Rule 801(d)(2)(B), the trial court "must first find that sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement."). Defendant Francisco did not affirmatively agree or accede to Detective Garcia's question, "if this person doesn't make it, where does that leave you?" Francisco posed a question in response. It is not clear that this response adopted Detective Garcia's suggestion that Francisco was admitting guilt for the assault.

### E. Government's and Defendant's Proposed Redaction – p. 41, lines 1 – 8 and 10.

The government seeks to redact lines 1 - 3 as they are statements implicating the codefendant and as such are inadmissible in Francisco's statement. The defendant seeks to redact lines 3 – 8 and 10 as he asserts this is a statement by the detective and as such, is hearsay and is irrelevant. The government asserts that this is an adoptive admission by the

1  defendant when he replies "okay" and does not contradict or correct the detective's
2  assertions.

3  **Ruling:** The statements at lines 3 – 8, and 10 are admissible as an adoptive
4  admission. *See Monks,* 774 F.3d at 950. It appears there is no objection to redaction of the
5  statements at lines 1 – 3 and portions of lines 8 - 9 and those statements shall be redacted.
6  However, to make complete Francisco's response "okay," the word "okay" on line 9 should
7  not be redacted.

### F. Government's Proposed Redaction – p. 52, lines 14 – 23.

The government seeks to redact p. 52 lines 14 – 23 as self-serving hearsay. The defendant objects asserting this is not hearsay and it violates the rule of completeness.

**Ruling:** The statement is inadmissible hearsay. The rule of completeness does not compel admission in the instant circumstances. *See Vallejos*, 742 F.3d at 905.

### G. Defendant's Proposed Redaction – p. 58, lines 1 -17.

The defendant seeks to redact p. 58 lines 1 – 17 as hearsay as they are just statements made by the detective. The government asserts that this is an adoptive admission by the defendant when he replies "yeah" and does not contradict or correct the detective's assertions.

**Ruling:** The statement is admissible as an adoptive admission. Francisco could have reasonably been expected to correct Detective Garcia's summary of the interview if Detective Garcia got the details wrong. Notably, the few substantive details provided by Garcia are consistent with other portions of Francisco's interview that the parties have agreed are admissible.

### H. Government's Proposed Redaction – p. 58, line 25, and p. 59, lines 1 – 3.

The government seeks to redact p. 58, line 25, starting at "Okay, when they" and continuing through p. 59 lines 1 – 3 as the statement is self-serving hearsay. The defendant objects and asserts the defendant's response to the detective's statement is present sense impression or a spontaneous reaction and as such, is not hearsay.

**Ruling:** The statement is admissible. The statement constitutes an excited utterance

in response to learning that doctors had discovered the blade to the knife in the victim's body. *Cf. United States v. Tocco*, 135 F.3d 116, 128 (2nd Cir. 1998) ("certainly [the declarant's] subsequent realization that people could be trapped inside the burning building, which he had helped set, would comprise a startling event.")

**I. Government's and Defendant's Proposed Redactions p. 69, lines 1 -17**

The defendant seeks to redact p. 69, lines 1 – 17 as statements by the detective and as such are hearsay and irrelevant. The government asserts that the statements are adoptive admissions and the defendant did not once contradict or correct the detective's assertions. The government did agree to redact specific words as shown in lines 1 – 17.

**Ruling:** The statements are admissible as an adoptive admission. *See Monks*, 774 F.3d at 950.

**III. Defendant Francisco's Motion in Limine to Admit Statements Against Interest by Co-Defendant Richard Eli Norris, III, (Doc. 70)**

Defendant Francisco seeks to admit a statement by co-defendant Richard Eli Norris, in which Norris confessed to having stabbed the victim. The Government initially opposed introduction of this statement in full, arguing that because Norris only confessed after extensively denying to Detective Garcia that he stabbed the victim, his confession is unreliable. At the final pre-trial conference, the Government amended its position and now seeks to exclude only the portion of Norris's statement in which Norris declared, "I was just mad. Scared." Defendant Francisco argues that Norris's confession should be admitted in its entirety under Rule 106, Fed. R. Evid. The Court concludes that this portion of the statement, "I was just mad. Scared," does not, in fairness, need to be considered with the rest of Norris's confession, admissible under Rule 804(b)(3), Fed. R. Evid., as a statement against an unavailable declarant's interest. The portion of the statement may indicate Norris's variously-professed motives, but is not, in isolation or as a part of the broader statement, "so contrary to the declarant's proprietary or pecuniary interest," Rule 804(b)(3), and the statement without this portion constitutes a clear confession that Norris wielded the knife. Moreover, there are no present corroborating circumstances that

indicate the trustworthiness of Norris's variously-stated motives. Finally, the rule of completeness does not require that admission of Norris's various motives. His explanation for stabbing the victim is not necessary to avoid confusion or correct a misleading impression. The Court will therefore grant Defendant Francisco's Motion to Admit Statements Against Interest (Doc. 70) in part.

**IV.     Defendants Encinas Pablo's and Francisco's motions in limine to preclude gang evidence (Docs. 69, 75)**

Pursuant to Rules 401, 402 and 403, Fed. R. Evid., Defendants Encinas Pablo and Francisco seek to preclude evidence of gang membership and to preclude the government from arguing or suggesting a gang motivation for the charged crime. The government opposes Defendants' motions. (Doc. 94.)

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' refers to an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one or evidence designed to elicit a response from the jurors that is not justified by the evidence." *United States v. Ellis*, 147 F.3d 1131, 1135 (9th. Cir. 1998) (citing *United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1993))  The trial court has broad discretion to admit or exclude evidence under Fed. R. Evid. 403. *Id.*

References to gang affiliation permeate the victim's and Defendants Encinas Pablo's and Francisco's statements. The Government's theory of the case is "that the assault occurred because the defendants are members or associates of the Bloods gang while the victim was a former member of the Crips gang and that the motive for the assault was the victim 'disrespected' the defendants." (Doc. 103, p. 22.)  Given the statements of the Defendants and the victim, the Court finds the probative value of the evidence is not substantially outweighed by unfair prejudice to Defendants. In addition, improper prejudice can be cured by a limiting instruction. The Court will therefore deny the motions

to preclude gang evidence.

## V. Expert testimony concerning text messages

On January 16, 2020, the government filed notice of expert witness Special Agent Vanderploeg who searched Defendants Norris's and Encinas Pablo's cell phone, and a cell phone the government believes belonged to Defendant Francisco. (Doc. 84.) During a search of the phones, Special Agent Vanderploeg recovered a Facebook exchange allegedly between Defendants Francisco and Norris on the Friday before the stabbing, in which Norris inquired "are you down for another fight this week" and Francisco responded in a manner that suggested he was. Special Agent Vanderploeg did not find evidence of text messages between Defendants during the ride to Norris's residence. Special Agent Vanderploeg was unable to access the Facebook Messenger App on one of the phones, even with the use of Cellebrite, because the App was password protected.

At the final pretrial conference, the parties agreed that the Friday night Facebook exchange was not admissible in the Government's case-in-chief. The Court will overrule Defendants' objection to the use of the statement as impeachment to the extent that Francisco opens the door, for example, by testimony that he does not participate in fights.

The parties agree that the victim may testify that he could see the people in his car using their phones, but may not testify/ speculate about the content of their messages. The Government stated it does not intend to introduce in its case-in-chief testimony from Special Agent Vanderploeg regarding Cellebrite's inability to open and download potential evidence that might have been acquired if Facebook Messenger App or other apps were opened, but does intend to use the evidence in rebuttal if appropriate. If there is a basis for the Government to elicit rebuttal testimony from Special Agent Vanderploeg, the Court will consider allowing such testimony. The Court is having difficulty imaging such a circumstance, however. Defense statements in opening or in closing arguments that there is no evidence that the Defendants were communicating with each other via cell phones during the car ride, would not provide a basis for presentation of rebuttal testimony.

If counsel believe a door is opened to permit evidence excluded by this Order,

counsel should alert the Court.

Accordingly,

IT IS ORDERED that:

1. Defendant Francisco's Motion to Preclude Statement by Carlos Encinas (Doc. 68) is GRANTED IN PART and DENIED IN PART.

2. Defendant Encinas Pablo's Motion to Preclude Statement of Fernando Francisco (Doc. 74) is GRANTED IN PART and DENIED IN PART.

3. The Government's Motion in Limine Regarding Limited Admissibility of Defendants' Statements (Doc. 87) is GRANTED IN PART and DENIED IN PART.

4. Defendant Encinas Pablo's Motion in Limine to Preclude Prejudicial and Irrelevant Gang Evidence (Doc. 69) is DENIED.

5. Defendant Francisco's Motion in Limine to Preclude Prejudicial and Irrelevant Gang Evidence (Doc. 75) is DENIED.

6. Defendant Francisco's Motion in Limine to Admit Statements Against Interest by Co-Defendant Richard Eli Norris, III (Doc. 70) is GRANTED IN PART and DENIED IN PART.

Dated this 31st day of January, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge